```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

INTERNATIONAL BROTHERHOOD OF      )
ELECTRICAL WORKERS, LOCAL 474,    )
et al.,                           )
                                  )
        Plaintiffs,               )
                                  )
vs.                               )     No. 06-2151-MlV
                                  )
EAGLE ELECTRIC CO., INC.,         )
                                  )
        Defendant.                )
_____

**REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS CONSTITUTING CONTEMPT PURSUANT TO 28 U.S.C. § 636(e)**
_____

Before the court is the motion of the plaintiffs, International Brotherhood of Electrical Workers, Local 474, *et al.* (collectively the "plaintiffs"), to hold the defendant, Eagle Electric Co., Inc. ("Eagle Electric"), and its Chief Executive Officer, Fred G. Behles, in civil contempt for failing to abide by the December 5, 2006 court order, which granted the plaintiffs' motion to compel discovery, compelled Eagle Electric to submit to an audit, and ordered Behles to attend a deposition in compliance with the valid subpoena requiring him to appear and testify under oath. The plaintiffs also seek an award of attorney fees and expenses it has incurred as a result of Eagle Electric and Behles' failure to comply with the court's order. The motion was referred

to the United States Magistrate Judge for determination.[1]

Pursuant to the reference to the undersigned, a show cause order was issued directing Eagle Electric and Behles to appear and show cause why they should not be held in contempt of court for failing to comply with an order of the court. Eagle Electric and Behles failed to serve a written response to the show cause order, failed to appear at the hearing, failed to notify the court that they would not be present, and failed to seek a continuance or otherwise object. E. Nicole Trail, attorney for the plaintiffs, appeared at the hearing and asked that they be held in contempt of court. For the reasons set forth below, it is recommended that a show cause order be issued to Eagle Electric and Behles to appear before the district court and show cause why they should not be held in contempt of court by reason of the facts certified herein. It is also recommended that Behles be detained until such time that he testifies and brings the requested documents to a deposition.

CERTIFIED FACTS

The following facts are certified to the district court. On March 9, 2006, the plaintiffs filed the complaint in this cause. Eagle Electric was served with the summons and complaint on March 15, 2006, but did not answer or file any pleadings within twenty

---

[1] Because the relief sought by the plaintiffs exceeds the magistrate judge's contempt authority, this court is issuing a report and recommendation and a certification of contempt pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), instead of a determination.

days of the service.  On September 20, 2006, the court entered an order granting the plaintiffs' motion for entry of default.  The court set an evidentiary hearing to determine damages.

In order to determine damages, the plaintiffs served a subpoena duces tecum and ad testificandum on Behles.  Behles failed to appear for his deposition and failed to produce the requested documents.  The plaintiffs then moved to compel Eagle Electric and Behles to produce the requested documents, to submit to an audit, and to appear and be deposed.

On December 5, 2006, the district court granted the motion and ordered:

> (1)  Within five (5) days of the date of entry of this Order, Defendant, Eagle Electric Company, Inc. shall produce for inspection and copying, the records requested in the Subpoena and Notice of Deposition served on Fred Behles on October 7, 2006;
>
> (2)  Within five (5) days of the date of entry of this Order, Fred Behles, Chief Executive Officer of Defendant, Eagle Electric Company, Inc., will contact counsel for Plaintiffs, E. Nicole Trail, to set a date certain to conduct Mr. Behles deposition at the offices of Harris, Shelton, Hanover & Walsh, PLLC, said deposition to take place no later than fifteen (15) days from the date of this Court's order;
>
> (3)  Defendant shall pay attorney's fees in the amount of $1,947.00 and expenses in the amount of $116.00, incurred by Plaintiffs in their attempts to obtain Defendant's compliance with the Subpoena and Notice to Take Deposition;
>
> (4)  Within five (5) days of the date of entry of this Order, Defendant shall provide auditors chosen by Plaintiffs with three (3) separate dates falling within the 30-day period following the entry of this Order when

the audit requested by Plaintiffs will be permitted.

(5) Defendant shall pay the costs of such audit.

To date, Eagle Electric and Behles have failed to comply with the order. The plaintiffs' attorney forwarded the court's order to Behles, attempted to contact him by telephone, and notified him via mail that she planned to file a petition for contempt because of his failure to comply with the order.

On January 11, 2007, the plaintiffs filed a motion for contempt and for sanctions. After the motion was referred to the United States Magistrate Judge for determination, the undersigned issued a show cause order directing Eagle Electric and Behles to appear before the magistrate judge on January 31, 2007, and show cause why they should not be held in contempt of court. A copy of the order was served on Eagle Electric and Fred Behles at 1921 Churchill Gate, Cordova, Tennessee 38016. Neither appeared.

## ANALYSIS

A. <u>Eagle Electric and Behles' Failure to Obey Court Order</u>

Eagle Electric and Behles' conduct at issue is disobedience to the December 5, 2006 order of the district court. Under the Federal Rules of Civil Procedure, if a party or an officer, director, or managing agent of a party fails to obey an order of the court to provide or permit discovery, the court may impose sanctions and in addition, may treat the failure to obey the order as contempt of court. FED. R. CIV. P. 37(b)(2). The Rules also

provide the court with the discretion to make orders "as are just" if a party or the officer, director, or managing agent of a party does not appear at a properly noticed deposition or does not respond to a request for inspection.  FED. R. CIV. P. 37(d).

Courts are also "independently [] vested with 'power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'"  *United Mine Workers v. Bagwell*, 512 U.S. 821, 831 (1994) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 227 (1821)).  "Courts thus have embraced an inherent contempt authority as a power 'necessary to the exercise of all others.'"  *Id.* (quoting *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)).[2]

In order to find Eagle Electric and Behles in contempt for their failure to comply with the district court's order, this court must find that the plaintiffs proved by clear and convincing evidence that defendant violated a "definite and specific" court order and that the party had knowledge of the order.  *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996); *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991) (citing *NLRB v.*

---

[2] Whether civil contempt or criminal contempt is implicated depends on the purpose of the charge.  "If the purpose is coercive or remedial (to secure compliance with the Court's order) or compensatory (to make the injured party whole), then 'civil contempt' is implicated.  If the purpose is punitive (to vindicate the Court's authority), then 'criminal contempt' is implicated." *Nabkey v. Hoffius*, 827 F. Supp. 450, 452 (S.D. Mich. 1993).

*Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). The order must be "clear and unambiguous," and any ambiguities must be resolved to the favor of the person who violated the order. *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996). Civil contempt does not require willfulness, because the intent of the party to disobey the order is irrelevant to finding contempt. *Rolex Watch*, 74 F.3d at 720.

Further, a corporate officer can be bound by a court order directed to a corporation-party. *Elec. Workers Pension Trust Fund of Local Union 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003) (finding non-party owner and officer of corporation to be subject to contempt when corporation did not comply with the court order); *see also Wilson v. United States*, 221 U.S. 361, 376 (1911) ("A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. . . . If they . . . prevent compliance or fail to take appropriate action . . . they . . . may be punished for contempt."). If the officer prevents compliance or fails to take action that is within his corporate duty, the court may hold the officer in contempt of court. *Gary's Elec.*, 340 F.3d at 382. The only requirement is a showing that the corporation did not comply with the order. *Id*.

The December 5, 2006 order definitely and specifically ordered Eagle Electric and Behles to comply with certain mandates. Eagle

Electric was specifically ordered to produce the documents requested in the Behles' subpoena within five days of the order and to cooperate with an audit within five days of the order. The order was not at all ambiguous. Both Eagle Electric and Behles had knowledge of the order, as the plaintiffs' attorney forwarded the court's order to Behles, attempted to contact him by telephone, and notified him via mail that she planned to file a petition for contempt because of his failure to comply with the order.

Accordingly, this court finds that Eagle Electric and Behles failed to comply with a specific and definite order, which they had knowledge of, and are both subject to contempt for not producing the documents or arranging the audit. It is submitted that Behles, in addition to Eagle Electric, be held in contempt for Eagle Electric's failure to comply with the order. As the CEO, it is within his official capacity to ensure the corporation complied with the court's order, yet he failed to do so.

B.   Behles' Failure to Attend Deposition

In addition to the subpoena served on Behles, the December 5, 2006 order directed Behles to arrange for and attend his own deposition. Generally, non-parties must be served with a subpoena for a deposition and they may not be compelled to attend via a notice or a court order without such subpoena. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2460, at 56—57 (2d ed. 1995) [hereinafter 9A WRIGHT & MILLER]. Though that is the

proper procedure for employees of a corporation that is a party to a lawsuit, it does not apply to officers, directors, or managing agents. *Id*. at 55; 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure, § 2103, at 36—37 (2d ed. 1994) [hereinafter 8A Wright & Miller]. A notice is sufficient to require an officer, director, or managing agent to appear at the deposition, even if the deposing party requests that they bring documents or things to the deposition. 9A Wright & Miller, *supra*, § 2460, at 55. Further, though the corporation is not subject to sanctions for an employee's failure to appear, the corporation is responsible to produce the officer, director, or managing agent who received notice to appear at a deposition. 8A Wright & Miller, *supra*, § 2103, at 37—38. Thus, an officer, director, or managing agent's failure to attend a deposition is treated as the corporation's failure, and is sanctionable under Rule 37(d). *Id.*; *see also* Fed. R. Civ. P. 37(d) A.C.N.

Here, the December 5, 2006 order directed Behles to contact the plaintiffs' counsel and arrange for his deposition to be taken within fifteen days of the order, at a certain location. This, like the rest of the order, is specific and detailed enough to meet the civil contempt standard. As Behles falls within the "officer, director, or managing agent" category, his failure to obey the order is subject to Rule 37(b)(2), including contempt. Further, Eagle Electric is responsible for his attendance at the deposition

and the company's failure to ensure his attendance is sanctionable under Rule 37(d).

The court also notes that though a subpoena is unnecessary for an officer, director, or managing agent, a subpoena may be served on them to compel attendance at a deposition. *See* FED. R. CIV. P. 45(e) ("Failure by *any* person without adequate excuse to obey a subpoena . . . .") (emphasis added). In that situation, Rule 45(e) of the Federal Rules of Civil Procedure also provides for contempt, stating that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."[3] FED. R. CIV. P. 45(e). Here, a subpoena was issued from the Western District of Tennessee, and it was duly served upon Behles. He failed to obey the subpoena and failed to demonstrate an adequate excuse for his failure to obey the subpoena. Thus, it is submitted that his failure to obey the subpoena should be treated as contempt under Rule 45(e).

Accordingly, it is recommended that Behles be held in contempt of court and detained until such time as he purges himself of contempt by giving a deposition.

C.  Failure to Appear at Show Cause Hearing

Finally, § 636(e)(6) of the United States Magistrate Judges

---

[3] In the case of a non-party, Rule 45(e) is the only authority provided to sanction for failure to comply with a subpoena. *James v. A.H. Marathon*, No. 1:04 CV 153, 2005 U.S. Dist. LEXIS 28311, at *7 (N.D. Ohio Nov. 17, 2005).

Act provides that when a person commits an act in a proceeding before a magistrate judge under 28 U.S.C. § 636(a) or (b) which may constitute civil contempt, the magistrate judge shall:

> certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii).

Here, Eagle Electric and Behles failed to comply with this court's show cause order, which ordered them to appear in court and show cause as to why they should not be held in contempt for failing to comply with the December 5, 2006 order. The show cause order specifically and in detail ordered them to appear in a certain court, on a certain date and time. It also was clear what the purpose of the hearing was. Eagle Electric and Behles both had knowledge of the order, as a copy of it was sent via certified mail on January 22, 2007. That conduct in failing to appear before the court after being ordered to do so by the magistrate judge constitutes disobedience to a lawful order and thus contempt before the magistrate judge.

Accordingly, it is submitted that the district court should order Eagle Electric and Behles to appear at a date certain before the district court to show cause during a hearing why they should

not be held in contempt of court on the certified facts for failing to appear as directed by the magistrate judge.

## CONCLUSION

It is recommended that Behles be held in contempt of court and detained until such time as he purges herself of contempt by giving a deposition and producing the requested documents.  It is also recommended that the district court order Eagle Electric and Behles to appear at a date certain before the district court to show cause during a hearing why they should not be held in contempt of court for failing to comply with the district court's discovery order and failing to comply with the magistrate judge's order to appear.  The plaintiffs should be granted their attorney fees and expenses in bringing this petition, as well as the fees and expenses that the court ordered Eagle Electric to pay in its prior order.

Respectfully submitted this 6th day of February, 2007.

                                        s/ Diane K. Vescovo
                                        DIANE K. VESCOVO
                                        UNITED STATES MAGISTRATE JUDGE